IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PROGRESSIVE PREFERRED INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| F. DONALD EICHMAN and CHARLENE EICHMAN and KEVIN M. O'BRIEN | : | NO. 15-1996 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 FEBRUARY 29, 2016

Presently before the Court is Defendants F. Donald Eichman and Charlene Eichman's (Eichman Defendants) Motion to Dismiss Plaintiff Progressive Preferred Insurance Company's, (hereinafter Progressive) Declaratory Judgment Complaint.

### JURISDICTION

According to the complaint and the answer there is diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00.

### DISCUSSION

The basis for the Eichman Defendant's motion is that this Court should dismiss the present action because it does not involve a federal question, the resolution of the dispute does not promote any federal interest and the underlying tort action for which the Plaintiff seeks to avoid any obligation of defense and indemnification is pending in the Court of Common Pleas of Delaware County.  In short there is no valid reason for this Federal Court to exercise jurisdiction over the coverage issue in this case.

It is true that pursuant to the Declaratory Judgment Act, "[i]n a case of actual

controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *see also State Auto Ins. Cos. v. Summy,* 234 F.3d 131, 133 (3d Cir. 2000).  The Supreme Court has referred to the Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton,* 515 U.S. at 287. [citations omitted].

      Although we recognize that we have broad discretion to decline to entertain a declaratory judgment action we will not grant that request in this case.  The Complaint in this case was filed on April 16, 2015 and the original discovery deadline was set for December 7, 2015.  On December 4, 2015, the Eichman Defendants moved to extend discovery to January 22, 2016 and this request was granted.  The deadline for the filing of dispositive motions was also extended to February 5, 2016.

      On January 27, 2016 Progressive filed its motion for summary judgment which is still pending.  The present motion to dismiss the complaint was not filed until February 10, 2016.  The Eichman Defendants actively participated in this federal lawsuit for 10 months.  Now, with a motion for summary judgment briefed and ready for decision they ask that we dismiss this case and tell Progressive to start over in the State Court.  That would be an extremely unfair exercise of the discretion that we have in this matter.

      We therefore enter the following Order.